IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JORDAN S. PETRIE,<br>    Plaintiff,<br><br>v.<br><br>COLE BELCHER, *et al.*,<br>    Defendants. | Case No. 1:25-cv-01315-JEH |

### Order

Plaintiff Jordan Petrie, proceeding *pro se* and currently incarcerated at Shawnee Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants Belcher and Grove violated his constitutional rights during his arrest on November 18, 2023. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

Plaintiff files suit against Pekin, Illinois police officers Cole Belcher and Brendon Grove. On November 18, 2023, Defendants Belcher and Grove stopped

1

Plaintiff as he was riding a bicycle on Koch Street in Pekin. Plaintiff states Defendants informed him they stopped him because he had lights on his head instead of his bicycle and did not use hand signals when changing directions.

Defendants ran Plaintiff's name through local and state databases and informed Plaintiff they were going to conduct a parole search because Plaintiff was on parole/MSR. Plaintiff alleges he told Defendants he successfully completed his MSR in October 2021 and refused to consent to the search. Defendants conducted the search, placed Plaintiff in handcuffs, and charged him with resisting a police officer. Plaintiff alleges Defendants violated his Fourth Amendment rights, as they did not have probable cause to conduct a search.

Plaintiff indicates he pled guilty to unlawful position of methamphetamine with intent to deliver. Plaintiff alleges his public defender advised him to pled guilty because "he didn't want to piss off the State's Attorney because he works in the same building as him." (Doc. 1 at p. 7).

In addition to monetary damages, Plaintiff requests immediate release.

## II

Plaintiff challenges the validity of the traffic stop and search, which ultimately led to his felony conviction. Plaintiff has not shown that his conviction was invalidated through a direct appeal in his criminal case, habeas proceedings, or otherwise. The Tazewell County Circuit Court's records show that Plaintiff's conviction has not been invalidated, and his sentence remains in place. (Tazewell County Case No. 2023-CR-000843). Therefore, Plaintiff's claims related to his arrest, prosecution, and conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars a plaintiff from pursuing relief through § 1983 that would invalidate or imply the invalidity of his present confinement. Plaintiff may pursue these challenges in his criminal case and possibly collateral attacks through the

federal habeas route. Plaintiff's Complaint is dismissed without prejudice as barred by *Heck*.

**IT IS THEREFORE ORDERED:**

**1)** **According to the Court's merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, this case is DISMISSED WITHOUT PREJUDICE. Any further amendment would be futile. The Clerk is directed to enter judgment and close this case.**

**2)** **Plaintiff must still pay the filing fee of $350.00 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior Order. (See d/e 9/4/2025).**

**3)** **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: October 7, 2025

s/Jonathan E. Hawley
U.S. District Judge